Case 1:18-cv-02976-CAP   Document 2   Filed 06/19/18   Page 1 of 10

State Court of Fulton County
**E-FILED**
18EV002343
6/19/2018 2:08 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JOSHLYN THOMAS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action File No. 18EV002343 |
| v. | : | |
| | : | |
| TRINITY INDUSTRIES, INC., a | : | |
| Delaware Corporation, TRINITY | : | |
| HIGHWAY PRODUCTS, LLC, a | : | |
| Limited Liability Company, | : | |
| MARTIN-ROBBINS FENCE CO., INC., | : | |
| a Georgia Corporation, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT MARTIN-ROBBINS FENCE CO., INC.'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Defendant Martin-Robbins Fence Co., Inc. ("Defendant" and/or "Martin-Robbins") and files its Affirmative Defenses and Answer to Plaintiff Joshlyn Thomas' ("Plaintiff") Complaint for Damages, showing the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Martin-Robbins sets forth those defenses specifically enumerated in O.C.G.A. § 9-11-12(b) in the event that subsequent discovery in this case makes applicable any of said defenses.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by Plaintiff's contributory negligence and/or comparative fault.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of avoidance.

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of last clear chance.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of assumption of risk.

**SEVENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by Plaintiff's failure to exercise ordinary care for her own safety under the circumstances.

**EIGHTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred because Martin-Robbins' conduct was not the direct or proximate cause of Plaintiff's alleged injuries.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate her damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries and damages, if any, were caused by Plaintiff's own actions.

**ELEVENTH AFFIRMATIVE DEFENSE**

Martin-Robbins reserves the right to supplement these affirmative defenses as discovery progresses in the case.

**TWELFTH AFFIRMATIVE DEFENSE**

Martin-Robbins responds to the enumerated paragraphs in Plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

1. Paragraph 1 is denied.

## **THE PARTIES, JURISDICTION, AND VENUE**

2. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 2.

3. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 3.

4. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 4.

5. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5.

6. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6.

7. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7.

8. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 8.

9. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9.

10. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10.

11. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11.

12. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12.

13. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13.

14. Admitted.

15. Admitted.

## FACTUAL ALLEGATIONS

16. Denied.

17. Denied as stated.

18. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18.

19. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19.

20. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20.

21. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 21.

22. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 22.

23. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23.

24. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24.

25. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25.

26. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 26.

27. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. As to Defendant Martin-Robbins, the allegations contained in Paragraph 31 are denied. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 31 as to Defendant Trinity Industries and Trinity Highway (collectively "Trinity").

32. Denied.

33. Denied.

## COUNT I – DEFECTIVE DESIGN (STRICT LIABILITY)

34. Martin-Robbins incorporates and re-alleges the preceding defenses, responses and denials as if fully set forth herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied as stated.

43. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 43.

44. Denied.

45. Denied.

### COUNT II – DEFECTIVE MANUFACTURE (STRICT LIABILITY)

46. Martin-Robbins incorporates and re-alleges the preceding defenses, responses and denials as if fully set forth herein.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

### COUNT III – FAILURE TO PROPERLY INSTALL

52. Martin-Robbins incorporates and re-alleges the preceding defenses, responses and denials as if fully set forth herein.

53. Denied.

54. Denied.

55. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 55.

56. Martin-Robbins is without sufficient knowledge or information to admit or deny the allegations in Paragraph 56.

57. Denied.

58. Denied.

## **COUNT IV – FAILURE TO WARN (STRICT LIABILITY)**

59. Martin-Robbins incorporates and re-alleges the preceding defenses, responses and denials as if fully set forth herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied as stated.

67. Denied.

## **COUNT V – NEGLIGENCE**

68. Martin-Robbins incorporates and re-alleges the preceding defenses, responses and denials as if fully set forth herein.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## COUNT VI – BREACH OF EXPRESS AND IMPLIED WARRANTY

77. Martin-Robbins incorporates and re-alleges the preceding defenses, responses and denials as if fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT VII – DEFENDANT MARTIN-ROBBINS' NEGLIGENCE

Martin-Robbins incorporates and re-alleges the preceding defenses, responses and denials as if fully set forth herein.  Further, all allegations contained in Count VII of Plaintiff's Complaint are denied.

## COUNT VIII – ATTORNEY'S FEES AND EXPENSES OF LITIGATION

84. Martin-Robbins incorporates and re-alleges the preceding defenses, responses and denials as if fully set forth herein.

85. Denied.

## COUNT IX – PUNITIVE DAMAGES

86. Martin-Robbins incorporates and re-alleges the preceding defenses, responses and denials as if fully set forth herein.

87. Denied.

88. Denied.

**PRAYER FOR RELIEF**

Martin-Robbins denies Plaintiff is entitled to any remedy sought in her prayer for relief.

This 19th day of June 2018.

                                    **HUDSON PARROTT WALKER, LLC**

                                    */s/ Brad C. Parrott*

                                    Brad C. Parrott
                                    Georgia Bar No. 595999
                                    Vicki Bass Holzer
                                    Georgia Bar No. 393305

3575 Piedmont Road, NE
15 Piedmont Center, Suite 850
Atlanta, Georgia 30305
Telephone:  404-554-8184
Facsimile:  404-554-8171
Email:  bparrott@hpwlegal.com
Email:  vholzer@hpwlegal.com
*Attorneys for Defendant Martin-Robbins Fence Co., Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing via Odyssey E-File GA which will electronically serve the following counsel of record:

Harold W. Spence
Mawuli M. Davis
The Davis Bozeman Law Firm, PC
4153 C Flat Shoals Parkway
Suite 332
Decatur, Georgia 30034
*Attorneys for Plaintiff*

James L. Hollis
E. Righton Johnson Lewis
Balch & Bingham, LLP
30 Ivan Allen Jr Boulevard NW
Suite 700
Atlanta, Georgia 30308
*Attorneys for Trinity*

This 19th day of June 2018.

**HUDSON PARROTT WALKER, LLC**

*/s/ Brad C. Parrott*

Brad C. Parrott
Georgia Bar No. 595999
Vicki Bass Holzer
Georgia Bar No. 393305

3575 Piedmont Road, NE
15 Piedmont Center, Suite 850
Atlanta, Georgia 30305
Telephone:  404-554-8184
Facsimile:  404-554-8171
Email:  bparrott@hpwlegal.com
Email:  vholzer@hpwlegal.com
*Attorneys for Defendant Martin-Robbins Fence Co., Inc.*